IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00338-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **THOMAS BADER**,
2. **KEVIN HENRY,**
3.  BRADLEY BLUM, and
4.  COLLEGE PHARMACY, INC.,

      Defendants.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL AND *GIGLIO* MATERIAL
---

      THE COURT **(1)** having received and reviewed the Government's Unopposed Motion for a Protective Order concerning the use, custody, and circulation of Jencks Act material and *Giglio* material disclosed in relation to the above captioned case, *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32; 122 S.Ct. 2450, 2456-57 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial); Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; **(2)** Being now sufficiently advised in the premises, and; **(3)** being informed that defense counsel does not oppose the motion, finds and concludes:

      1.    For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, at Title 28

1

U.S.C. § 1651.

2. The Court is familiar with the file in this case and has reviewed the motion.

3. It is in the interests of justice to **GRANT** the Government's Unopposed Motion for Protective Order.

**Protective Order**

**IT IS ORDERED** that the Jencks Act material and *Giglio* material furnished to the defense in this case, more particularly described as plea documents and audiotapes provided by the U.S. Attorney's Office for the Southern District of Alabama, and designated by government counsel, pursuant to this Order shall be subject to the following:

  A. Only defense counsel, counsel's staff, defendant's experts, and defendant shall have access to the protected discovery. Prior to allowing these persons access to the protected discovery, defense counsel will advise each person of the limitations on use and disclosure of discovery as dictated by this motion and requested Protective Order, and will provide each such person with a copy of said Protective Order.

  B. The protected discovery will be used solely for purposes of preparing defendant's defense in this case.

  C. Any protected discovery in this case will be stored at defense counsel's office or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations.

  D. Any notes, memoranda, summaries or other documents reflecting the protected discovery or copies made of the protected discovery will also be

stored at defense counsel's office or at defense expert's office, and will be considered protected discovery.

E. Any document filed with the Court, including any attachment, which contains protected discovery, or a description or reproduction thereof, will be filed provisionally under seal. Said document shall be accompanied by a motion to seal showing compelling case, over and above the existence of this Protective Order, for the material to remain under seal.

F. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

G. Within 90 days of the final conclusion of this matter, defendant shall return the protected discovery and all copies to counsel for the United States.

DATED this 5th day of March, 2009.

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge