UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00338-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

THOMAS BADER,

       Defendant.
_____

**ORDER SETTING HEARING ON RE-SENTENCING,
AMENDED ORDER OF FORFEITURE FOR MONEY JUDGMENT, AND
PRELIMINARY ORDER OF FORFEITURE**
_____

**THIS MATTER** comes before the Court pursuant to the parties Joint Stipulation of Facts, Sentencing Recommendations, [and] Motion for Entry of an Amended Order for Forfeiture **(# 753)**.[1]

**A. Re-sentencing**

The Court previously sentenced Mr. Bader to 40 months' imprisonment. Subsequent appellate proceedings resulted in the affirmance of Mr. Bader's convictions on Counts 12-15, 19, and 20, and the vacatur of his convictions on Counts 1 and 17. The Court of Appeals vacated the convictions on Counts 1 and 17 (and, correspondingly, the Court's unified sentence) and remanded them to this Court for further proceedings.

The parties have thereafter stipulated that: (i) the Government shall dismiss Counts 1 and 17, and (ii) the parties agree not to contest the imposition of the same 40-month sentence on the

---

[1]The effect of the joint motion is to render moot all prior pending motions relating to forfeiture issues: docket # 682, 719, and 746. The Court also denies the motion for reconsideration at docket # 410 as moot.

remaining counts upon re-sentencing.

The Court will conduct a law and motion hearing on **November 1, 2012** at **4:00 p.m.** for the purpose of determining any logistical issues relating to re-sentencing (*e.g.* whether a re-sentencing hearing is required or whether it can be effectuated in writing; whether Mr. Bader wishes to be physically present for any such hearing, etc.)  The parties may appear by telephone for this hearing by making arrangements sufficiently in advance with the Courtroom Deputy.

**B.  Forfeiture**

The parties have also reached an agreement regarding forfeiture.  Specifically, they agree that: (i) the jury concluded that the real property located at 3505 Austin Bluffs Parkway, Colorado Springs, Colorado was used to commit or to facilitate the offenses for which the convictions remain extant; (ii) that a forfeiture money judgment in the amount of $4,708,700.00 should be entered, and (iii) that certain, specifically-designated asserts of Mr. Bader should be forfeited to the Government in full satisfaction of the forfeiture money judgment.

Accordingly, the Court finds:

1. that there is sufficient factual basis and cause to issue a forfeiture order under 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure to direct the forfeiture to the United States of the real property located at 3505 Austin Bluffs Parkway, Colorado Springs, Colorado, more fully described as:

> All of Lot 1 and a portion of Lot 2 in Block 2 SHOPPERS WORLD SUBDIVISION NO. 1 IN THE CITY OF COLORADO SPRINGS, El Paso County, Colorado, as recorded in Plat Book U-2 at Page 19 in the records of said County and more particularly described as follows: Beginning at the most Northeasterly corner of said Lot 1, Block 2 in Shoppers World Subdivision No. 1; thence (1) South 88 degrees 10 minutes West on the Northerly line of said Lot 1, and Lot 2, Block 2 of Shoppers World Subdivision No. 1, 508.00 feet; (2) South 1 degree 50 minutes 00 seconds East, 276.75 feet; (3) North 89 degrees 54 minutes 00 seconds East on the Southerly line of said Lots 1 and 2, Block 2 in Shoppers World Subdivision No. 1, 508.23 feet; (4) North 1 degree 50 minutes 00 seconds West on the Easterly line of said Lot 1,

> Block 2 in Shoppers World Subdivision No. 1, 292.12 feet to the
> point of beginning, County of El Paso, State of Colorado.

2. that there is sufficient factual basis and cause to issue a forfeiture order under 21 U.S.C. § 853(a), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, in light of the evidence that a forfeiture money judgment in the amount of $4,708,700.00 should be entered.

3. that pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), Mr. Bader's interest in the substitute assets identified below is hereby forfeited to the United States for disposition according to law. Such forfeiture shall be in full satisfaction of the forfeiture money judgment in the amount of $4,708,700.00:

> a. 40 Sandra Lane, Colorado Springs, Colorado, more fully described as: Lot 25, in Crystal Hills Estates Filing No. 3, El Paso County, Colorado, according to the plat thereof recorded in Plat Book H-3 at Page 46.
>
> b. 302 West Cheyenne Road West, Colorado Springs, Colorado, more fully described as: The easterly half of the southerly 138 feet of lot 15, block 1, Fenmoor Subdivision, El Paso County, Colorado.
>
> c. 2750 Silent Rain Drive, Colorado Springs, Colorado, more fully described as: Lot 1, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.
>
> d. 2710 Silent Rain Drive, Colorado Springs, Colorado, more fully described as: Lot 5, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.
>
> e. 7340 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 32, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.
>
> f. 7360 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 34, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.
>
> g. 7380 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 36, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    h. 4485 Monitor Rock Lane, Colorado Springs, Colorado, more fully described as: Lot 18, in Cedar Heights Filing No. 3, in the City of Colorado Springs, El Paso County, Colorado, according to the plat thereof recorded in Plat Book 0-3 at Page 81.

    i. 2023 North Wahsatch Avenue, Colorado Springs, Colorado, more fully described as: Lot 2, Block 1, Howells Addition 1, Colorado Springs, Colorado.

    j. 4217 South New Hope Road, Gastonia, North Carolina, more fully described as: Beginning at a nail in the centerline of South New Hope Road (Highway No. 279) (60' right of way) at the point of Intersection of the southeasterly line of the property conveyed to Barbara L. Murphy in Book 4051 at Page 1326 with said centerline, and proceeding thence with Murphy's line two (2) courses and distances as follows: (i) North 38-57-01 East 49.63 feet to an iron, and (ii) North 39-00-40 East 141.36 feet to an iron, a common corner with the property of Nettie Pope (see Book 776, Page 216); thence with Pope=s line South 55-31-38 (passing an iron at the northerlymost corner of a 15' easement referred to in Book 2801 at Page 826 after 157.35 feet) a total distance of 172.38 feet to an iron in the northwesterly line of the property conveyed to Susan M. Smith in Book 1478 at Page 828 (also being the easterlymost corner of the aforesaid 15' easement); thence with Smith's line (and the southeasterly line of the aforesaid 15' easement) South 37-59-00 West 182.14 feet to an iron near the northeasterly margin of the right of way of South New Hope Road (60' right of way) (also being the southerlymost corner of said 15' easement); thence North 59-44-00 West (passing an iron at the westerlymost corner of said 15' easement after 15.12 feet) a total distance of 51.15 feet to a nail within the right of way of South New Hope Road; thence South 38-26-00 West 20.35 feet to a nail in the centerline of South New Hope Road; and thence with the centerline of South New Hope Road North 48-24-42 West 124.83 feet to the BEGINNING; all as shown on that certain survey for College Pharmacy, dated April 20, 2005, and prepared by Forest H. Houser, Professional Land Surveyor.

    Being also the same property conveyed to Joseph J. Haburjak, Trustee of the Joseph J. Huburjak Revocable Trust U/A/D February 27, 1998, by deed recorded in Book 2801 at Page 826; and conveyed to Joseph J. Haburjak, Trustee, to the Grantor by deed recorded prior to this deed.

  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Amended Preliminary Order of Forfeiture shall become final as to the defendant at the time of re-sentencing and shall be made part of the sentence and included in the judgment.

The United States is directed to seize the properties subject to forfeiture and to enter the real properties for the purpose of determining the physical condition of the real properties at the time of seizure and to obtain an appraisal, and further to make your return as provided by law. The United States shall publish notice of this Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n) via a government website for thirty consecutive days, and to make its return to this Court that such action has been completed. Upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed. The Court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the referenced substitute asset, and to entertain any third party claims that may be asserted in these proceedings.

Dated this 17th day of October, 2012

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge